**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:07-CR-82 |
| LIONEL ANDERSON, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 9, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Camelia Lopez.

Lionel Anderson was sentenced on February 6, 2008, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to 2 counts of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 32 and a criminal history category of VI, was 210 to 240 months. Lionel Anderson was subsequently sentenced to 240 months imprisonment and 3 years supervised release on Counts 1 and 2. On January 24, 2012, Count 2 was vacated: therefore, on April 17, 2012 a Correction of Sentence on Remand [18 U.S.C. § 3741(f)(1) and (2)] was made and Mr. Anderson was sentenced to 120 months imprisonment on Count 1 followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug treatment and testing,

obtaining a General Educational Development Certificate (GED) and a $100 special assessment. On December 7, 2017, Lionel Anderson completed his period of imprisonment and began service of the supervision term.  This case was reassigned to U.S. District Judge Amos L. Mazzant, III on January 14, 2015.

On February 7, 2020, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 102, Sealed].  The Petition asserted that Defendant violated seven (7) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall not unlawfully possess a controlled substance; (3) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) the defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (5) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (6) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; and (7) the defendant must reside in a residential reentry center or similar facility, in a prerelease component, for a period of 180 days to commence immediately.  The defendant must abide by the rules and regulations.  Should the defendant obtain a residence approved by the probation officer during the 180-day placement, the defendant shall be released.

The Petition alleges that Defendant committed the following acts: (1) on January 27, 2020, the defendant was arrested by Hutchins Texas Police Department for a felony warrant issued by Dallas County Sheriff's Office on December 16, 2019, for the offense of Continued Violence

Against a Family Member Case No. F-1972028 in Violation of Texas Penal Code § 22.01  On November 13, 2019, Sabrina Huff sought medical treatment at The City Hospital Emergency Care Center in Mesquite, TX.  She reported being assaulted by the defendant.  Ms. Huff told medical staff "I've been struck."  She stated she was involved in a verbal argument with the defendant the previous day when he punched her in the back several times and scratched her in the face.  Medical staff took x-rays which revealed 2 fractured ribs.  Pictures were taken of multiple scratches to Ms. Huff's face.  On November 14, 2019, the defendant was issued a citation by Dallas Texas Police Department for the offense of Assault Contact Family Member, Class A Misdemeanor, Citation No: C21-935961 in violation of Texas Penal Code 22.01(A)(1).  Dallas Police Department were called to The Red Roof Inn regarding a major disturbance.  Sabrina Huff reported she was assaulted by the defendant; (2) the defendant submitted urine specimens on February 14, March 29, and May 16, 2018, that tested positive for marijuana; (3) on July 31, 2018, the defendant verbally admitted to this officer he used marijuana three days prior, on or about July 28, 2018; (4) the defendant failed to report to the U.S. Probation Office as scheduled on August 21, 2019, and November 19, 2019; (5) on November 12, 2019, this officer attempted an unannounced home visit at OYO Townhouses, Dallas, TX where the defendant reported he was living.  This officer was advised by an OYO Townhouse employee that the defendant had checked out of his room that date.  The defendant failed to notify the probation office prior to his change in residence; (6) the defendant failed to attended drug treatment at Fletcher Counseling, Plano, TX as scheduled on January 22, March 31, August 27, August 31, September 30, November 15, and December 19, 2019; and (7) on December 18, 2019, the defendant was unsuccessfully discharged from Volunteers of America, Hutchins, TX, a residential reentry center for rule violations.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition.  The Government dismissed the remaining allegations.  Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.  At hearing, Defendant requested to be housed at a Bureau of Prisons facility in Florida, is possible.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Florida, if appropriate.

**SIGNED this 7th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE